IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                             Civil No. 97-0560 JP/WWD
                                                              Cr. 92-373 JP

LORENZO CHAVEZ,

      Defendant.

## AMENDED MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

    1.  THIS MATTER comes before the Court following defendant's Objections to Magistrate Judge's Proposed Findings and Recommended Disposition, filed September 5, 1997 [12-1].  In those proposed findings, entered August 12, 1997, I recommended that defendant's § 2255 Motion be denied.  Defendant raises issues in his objections which warrant discussion but do not merit reconsideration of my previous findings.[1]

    2.  In April, 1992, Chavez entered a plea of guilty to an indictment charging him with cocaine possession and distribution.  He has served his sixty-five months term of imprisonment and is currently serving the four-year term of supervised release.  Chavez is a resident alien in the United States from Mexico and now faces deportation.  Defendant claims that his plea is involuntary because his attorney, the prosecutor, the probation officer and the Court failed to advise him of the deportation consequences to his plea to drug trafficking.

---

[1]  Chavez is represented by counsel.

3. Commission of an aggravated felony qualifies an alien for deportation. See United States v. Phommachanh, 91 F.3d 1383, 1387 (10th Cir. 1996) (citing 8 U.S.C. § 1252(a)(2)(A), redesignated as 8 U.S.C. § 1227(a)(2)(A)(iii));[2] United States v.Gonzales, 582 F.2d 1162, 1166 (7th Cir. 1978) (cited in United States v. Aragon, unpubl. op., 1991 WL 65269 *1 (10th Cir. 1991) (deportation is required when an alien is convicted of felony involving distribution of cocaine)); but, cf., Downs-Morgan v. United States, 765 F.2d 1534, 1537 (11th Cir. 1985) (deportation under 8 U.S.C. § 1251(a)(11) is not "mandatory," being a matter which is left to the discretion of the attorney general) (citation omitted). Nevertheless, the initial determination of whether an alien is subject to deportation rests in the sole discretion of the Attorney General, not the courts. See Phommachanh, 91 F.3d at 1386.

4. Because Chavez directs his allegations at the Court as well as his counsel in the criminal case, I address his claims related to the involuntariness of his plea in the context of Rules 11 and 32(e) as well as ineffective assistance of counsel.[3]

**Rule 11 requirements**

5. Defendant's claim of involuntariness fails under Rule 11 standards.[4] A court is

---

[2] The pertinent section of the statute reads reads: "[a]ny alien . . . in and admitted to the United States shall, upon the order of the Attorney General, be removed if the alien is within one or more of the following classes of deportable aliens. . . ." 8 U.S.C. §1227(a). Chavez' drug trafficking conviction qualifies as an aggravated felony under 8 U.S.C. § 1101(a)(43)(B).

[3] The line of argument in defendant's objections follows most closely to a Rule 11 analysis, but erroneously perceives the requirements of the Rule. Defendant's objections do not specifically frame the issues in terms of either Rule 32(e) or ineffective assistance of counsel, although I examine the issues under both lines of inquiry.

[4] Under Rule 11 of the Federal Rules of Criminal Procedure, the district court "shall not accept a plea of guilty . . . without first. . . determining that the plea is voluntary" and that "there is a factual basis for the plea." See Brady v. United States, 397 U.S. 742, 755 (1970). It should

required to inform a defendant about the "direct" consequences of a conviction in order for the plea to be voluntary.[5] See United States v. Russell, 686 F.2d 35, 37 (D.C.Cir. 1982) (citing Fruchtman v. Kenton, 531 F.2d 946, 949 (9th Cir.), cert. denied, 429 U.S. 895 (1976); Sanchez v. United States, 572 F.2d 210, 211 (9th Cir. 1977); Michel v. United States, 507 F.2d 461, 464 (2d Cir. 1974) (referring to "long-standing rule in this as well as other circuits that the trial judge when accepting a plea of guilty is not bound to inquire whether a defendant is aware of the collateral effects of his plea" and referring to Advisory Committe notes on the the Criminal Rules).[6]

    6.  It is well settled that the possibility of deportation is only a collateral consequence of a guilty plea.  United States v. Osiemi, 980 F.2d 344, 349 (5th Cir. 1993) (finding the silence of the record regarding defendant's knowledge of deportation ramifications immaterial to the voluntariness of the plea) (citing 7th, 9th, and 11th circuit cases); Russell, 686 F.2d at 37, 38-9 (deportation not a "direct" consequence of a conviction); Downs-Morgan 765 F.2d at 1537 ("maximum possible penalty does not encompass possible deportation").

    7.  Because Rule 11 does not require the trial judge to inform a defendant of possible deportation consequences, Chavez' claim that his plea lacked the requisite voluntariness has no

---

be noted, however, that athough not required to explain deportation consequences to alien defendants, "nothing prohibits [district courts]from doing so." Russell, 686 F.2d at 41.

   [5] Cmp. Worthen v. Meachum, 842 F.2d 1179, 1182 (plea not voluntary unless the defendant knows the direct consequences of his decision, including the maximum penalty to which he will be exposed), overruled on other grounds by Coleman v. Thompson, 501 U.S. 722 (1991).

   [6] A collateral consequence is one that is not related to the length or nature of the sentence imposed on the basis of the plea.  United States v. Romero-Vilca, 850 F.2d 177, 179 (3d Cir. 1988).

merit on this basis.  See Downs-Morgan, 765 F.2d at 1537; United States v. Santelises, 476 F.2d 787, 788 (2d Cir. 1973) ("mere failure of a district judge to warn a defendant of the possibility of deportation as a consequence of his plea does not, without more, amount to a violation of constitutional due process, thereby rendering the plea invalid").

**Rule 32(e)**

8.  Fed.R.Crim.P.32(e) allows the district court to use its sound discretion to determine whether a defendant has shown a "fair and just" reason for allowing withdrawal of the plea.[7] Because deportation consequences are collateral to his conviction, Chavez is not entitled to withdraw his plea merely because he misunderstood these consequences.  Russell, 686 F.2d at 38. Similarly, he may not withdraw his plea if the prosecution failed to inform him of deportation consequences.  The prosecution does have an obligation, however, not to mislead a defendant. Russell, at 41.[8]

9.  Here, Chavez makes no showing which could constitute a "fair and just" reason for allowing a plea withdrawal.  He does not make allegations that either the government or the Court made misleading statements to him about the deportation consequences, but rather that he should have been affirmatively informed about them.  What he does allege is that when he asked about deportation, his own counsel told him he "need not concern himself" with the issue "unless and until it was brought up by the Department of Immigration and Naturalization ["INS"] at some

---

[7] The section of rule 32(e) dealing with withdrawing of guilty pleas was formerly subdivision (d) and formerly required a showing of "manifest injustice." Rule 32, Adv.Comm. Notes, 1994 Amendments; see Russell, 686 F.2d at 39.

[8] Under Rule 11 as well, a plea cannot be considered voluntary if it is the product of misrepresentation by the prosecution.  See Brady, 397 U.S. at 755.  However, unlike the Rule 32(e) inquiry, Rule 11 is not discretionary.  Russell at 37.

later date." He was essentially told to raise the issue with an immigration attorney and that it would be dealt with at a later time.

10. Defendant refers to "assurances" given by counsel regarding deportation, but is not specific about what these "assurances" were and thus are relegated to the realm of conclusory allegations. Obj. at 6. Other than some advice which appears at best indefinite and open-ended, and at worst, incomplete, I find nothing materially misleading in the information given to Chavez such that this Court should use its discretion and allow him to withdraw his plea of guilty.[9]

11. The court looks at several factors when determining whether the defendant has established a fair and just reason for allowing withdrawal of a guilty plea: (1) assertion of innocence by the defendant; (2) prejudice to the government if the motion is granted; (3) whether the defendant has delayed filing the motion to withdraw his plea; (4) inconvenience to the court if the motion is granted; (5) quality of defendant's assistance of counsel during his plea; (6) whether the plea was knowing and voluntary; and (7) waste of judicial resources. United States v. Guthrie, 64 F.3d 1510, 1513 (10th Cir. 1995); United States v. Hickok, 907 F.2d 983, 984 (10th Cir. 1990); see also Russell, 686 F.2d at 38.

12. Using these factors as a guide, I do not find sufficient reason to recommend allowing defendant to now withdraw his plea. Although he disputes the constitutionality of the search which turned up 27 grams of crack cocaine among other items, he does not maintain his

---

[9] The present situation is distinguishable, e.g., from Strader v. Garrison, 611 F.2d 61 (4th Cir. 1979) where defendant's plea was held to be involuntary because counsel grossly misinformed defendant about parole eligibility, even though parole eligibility is considered a collateral consequence. In Russell, the prosecution made a clear misstatement of the law, stating that defendant was not subject to deportation if pled to a misdemeanor instead of felony. Defendant was similarly informed in United States v. Parrino, 212 F.2d 919 (2d Cir. 1954).

innocence of the crime.[10]  In his objections, he points out that while in the Santa Fe Community Corrections facility, he had "no way to call an immigration lawyer. . . and no need to based upon [counsel's] assurances."[11]  Obj. at 6.  Mr. Chavez was incarcerated for five years and during that time has evidently made no effort to either contact an immigration lawyer or otherwise ascertain anything about his deportation status.  It is possible that this delay would prejudice the government in putting on a trial with five-year old witnesses' memories and evidence.  Defendant's plea, as I have explained above, met the knowing and voluntary requisites.  Finally, Chavez's representation was not ineffective, as I next explain.

**Ineffective Assistance of Counsel**

13. The quality of defendant's assistance of counsel is one of the factors the court may consider when determining whether to allow a plea withdrawal, but it may also be examined apart from a Rule 32(e) inquiry.  See Russell at 39 n.6 (stating that Rule [32(e)] motions "ought to be sensitve to the possibility that the defendant has not received effective assistance of counsel," and noting several cases which did not approach the issue in terms of the "constitutional entitlement to the effective assistance of counsel"); Strader v. Garrison, 611 F.2d 61, 63-64 (4th Cir. 1979) (gross misadvice of lawyer may lead defendant to enter an improvident plea, citing to cases where courts refused permission to withdraw plea, and which were considered as "aberrations" in that the issue was not approached in terms of effecitve assistance of counsel); see also Michel v. United States, 507 F.2d 461 (2d Cir. 1974).

---

[10]  Defendant asserts that he was arrested and searched without a warrant.

[11]  As discussed above, defendant does not specify what these "assurances" were other that the decision about deportation would be handled later, and that he would need the assistance of an immigration lawyer.  Obj. at 6.

14. In order to prevail on his claim of ineffective assistance of counsel, Chavez must show that his counsel's performance was deficient and that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984); accord, Rogers v. United States, 91 F.3d 1388, 1391 (10th Cir. 1996).[12] A plea may be involuntary if the attorney "materially misinforms the defendant of the consequences of the plea." United States v. Rhodes, 913 F.2d 839, 843 (10th Cir. 1990), cert. den., 498 U.S. 1122 (1991).

15. Chavez does not appear to allege that counsel was ineffective in failing to inform him about the deportation consequences. See United States v. Aragon, unpubl. op., 1991 WL 65269, *1 (10th Cir. 1991) (citing Santos v. Kolb, 880 F.2d 941, 945 (7th Cir. 1989), cert. denied, 110 S.Ct. 873 (1990)) (citations to 4th and 11th Circuits omitted) (failure by counsel to inform defendant of the likely deportation consequences arising out of his guilty plea in the criminal case would not constitute ineffective assistance of counsel); United States v. Quinn, 836 F.2d 654, 655 (1st Cir. 1988) (deportation in context of ineffective assistance of counsel is generally regarded as a collateral consequence only, i.e., legally irrelevant to a guilty plea) (omitting citations to 1st, 2d, 5th, 9th and D.C. Circuit cases).

16. Instead, Chavez characterizes the information given by his attorney about deportation as a material misrepresentation as well as misinformation. In looking at the level of counsel's performance, the applicable standard is whether counsel's advice was "within the range of competence demanded of attorneys in *criminal* cases." (emphasis added). Varela v. Kaiser, 976 F.2d 1357 (10th Cir. 1992) (citing Hill v. Lockhart, 474 U.S. 52, 56 (1985) (quotation omitted);

---

[12] The Strickland test also applies to guilty plea challenges based on claims of ineffective assistance of counsel. United States v. Carr, 80 F.3d 413, 417 (10th Cir. 1996).

cmp.McMann v. Richardson, 397 U.S. 759, 770 (1970) (a defendant cannot later claim that his plea was involuntary merely because the advice of his counsel involving a question of law proves wrong, so long as such advice is within the general bounds of reasonable competence).

17. I find that the advice given by counsel does not sink to that objective level of incompetence encompassed in the Strickland standard. Counsel's information was technically correct in deferring the issue of deportation to INS and an immigration attorney. As a criminal lawyer, counsel's knowledge of the collateral consequences of defendant's drug conviction cannot be said to be constitutionally deficient in that it fell below an objective standard of reasonableness. Strickland, 466 U.S. at 690; see also United States v. Rivera, 900 F.2d 1462, 1472 (10th Cir. 1990); cmp.Downs-Morgan, 765 F.2d at 1537 (where defense counsel informed defendant that his guilty plea would not result in his deportation). Failure to make the required showing of EITHER deficient performance or sufficient prejudice defeats the ineffectiveness claim. Miles v. Dorsey, 61 F.3d 1459, 1475 (10th Cir. 1995). Thus, defendant's claim fails in this regard as well.

18. I think it instructive to address certain of defendant's arguments which at first blush appear to be moderately persuasive but upon closer inspection are legally defective. For example, defendant urges that this Court follow Phommachanh in resolving questions in favor of the alien because of the harshness of the penalty of deportation. Obj. at 7. The issue in Phommachanh, however, was restricted to an examination of statutory construction regarding the jurisdiction of a district court to order deportation as a condition of supervised release. It had nothing to do with the legal issues related to a plea withdrawal.

19. Defendant also cites to a case which involved failure of defendant's counsel to recomend against deportation. See Jarvier v. U.S., 793 F.2d 449 (2nd Cir. 1986). However,

8

recommendations do not figure into the situation here at all, as drug offenses are not subject to a recommendation.  United States v. Quintana, 914 F.2d 1409, 1410 (10th Cir. 1990); United States v. Gonzales, 582 F.2d 1162 (7th Cir. 1978).

20. Defendant refers to People v. Kadadu, 425 N.W.2d 784 (Mich.Ct.App. 1988), where the court of appeals held that it was not an abuse of discretion for the trial court to allow the defendant to withdraw his guilty plea.[13]  In summarizing various federal circuit courts' decisions on the issue, the appeals court stated that early federal court decisions have "uniformly denied relief."  Id. at 282.  The court did acknowledge that later federal cases, hearing the issue presented as claims of ineffective assistance of counsel, remanded cases where defendant made a sufficient showing of ineffective assistance, e.g., where counsel actively represented that defendant would not be deported, or where the state had enacted statutes requiring courts to inform defendants of the possible deportation consequences of guilty pleas.[14]  Neither situation applies here.

21. In sum, at the end of the multi-tiered inquiry, Chavez' plea consequences cannot be attributed to misleading statements by either the Court, the government or his own counsel.  See Russel, 686 F.2d at 39 (trial court must consider whether defendant's misunderstanding of the collateral consequences of the plea is the "result of misleading statements by governmental authorities or the defendant's own ignorance").  Because I find that plaintiff's allegations would

---

[13] The appeals court deferred to the trial court's position as being more familiar with the circumstances of the crime.  Id. at 283.  Defendant was facing deportation as a consequence of a guilty plea to a drug trafficking offense.

[14] Five states have enacted such statutes: California, Connecticut, Massachusetts, Oregon and Washington.

not entitle him to relief, even if true, I deny his request for an evidentiary hearing.  See United States v. Whalen, 976 F.2d 1346, 1348 (10th Cir. 1992); Church v. Sullivan, 942 F.2d 1501, 1510 (10th Cir. 1991); Eskridge v. United States, 443 f.2d 440, 443 (10th Cir. 1971) (conclusory allegations impose no obligation to hold hearing).

## Recommendation

The above amended findings support the recommendation in my previous Proposed Findings and Recommendation, entered August 12, 1997.  I recommend that defendant's Motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence [1-1] be denied, and that this cause be dismissed with prejudice in its entirety.

Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations.  A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

_____
UNITED STATES MAGISTRATE JUDGE